UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
------------------------------------x

HOUGHTON MIFFLIN COMPANY,                    :

                          Plaintiff,    :         COMPLAINT

          -against-

**00** CV **1 0 5 5 9 DPW**

ALVIN SANDBERG and SUSAN C.
FAWCETT,

                          Defendants.   :
------------------------------------x

          Plaintiff Houghton Mifflin Company, by its attorney
Oscar W. Weekes, as and for its complaint herein, alleges as
follows:

          1.  Plaintiff Houghton Mifflin Company is a corporation
organized under the laws of the Commonwealth of Massachusetts and
is a renowned publisher of literary works, including educational
textbooks.

          2.  Upon information and belief, defendant Alvin
Sandberg ("Sandberg") is a resident and citizen of the
Commonwealth of Massachusetts.

          3.  Upon information and belief, defendant Susan C.
Fawcett ("Fawcett") is a resident and citizen of the City and
State of New York.

### Jurisdiction and Venue

          4.  This is an action for interpleader and declaratory
relief brought pursuant to 28 USC §§ 1335 and 2201 to declare the
rights of defendants as between them in and to royalties due with
respect to a revised edition of a literary work entitled
"Evergreen:  A Guide To Basic Writing" (hereinafter "Evergreen").
The defendants, claimants to the said royalties, which are in an
amount in excess of $500, are citizens of different states.



(1)

5.   Venue is proper in this District pursuant to 28 USC § 1397 in that defendant Sandberg resides herein.

### The Underlying Facts

6.   By written agreement dated May 31, 1977 between plaintiff, on the one hand, and Sandberg and Fawcett on the other hand, collectively as Author, the parties agreed to collaborate in the preparation and publication of Evergreen.  The said agreement provided for a royalty to Sandberg and Fawcett of 15% of the net receipts on the sale of the first 25,000 copies of Evergreen, and 18-3/4% of the net receipts thereafter, to be equally divided between them.

7.   The aforesaid agreement was amended by a document executed by the parties as of March 9, 1983 (the "Amendment"), which provided, inter alia:

a.   Sandberg and Fawcett shall share equally in all royalty and other earnings from any revision of Evergreen provided each of them contributes equally to that revision.

b.   If, within sixty days of plaintiff's notification requesting a revision, the parties are unable to reach agreement as to the meaning of "equal contributions to the revision" referred to in the said Amendment, or as to the specific tasks for which each of Sandberg and Fawcett are responsible, plaintiff shall determine those questions in its discretion within thirty days.

c.   Sandberg and Fawcett shall review and comment upon the other's proposed contributions to such revision, but each of them will be responsible for deciding the final content of his or her material to be submitted to plaintiff for determination of acceptability.

d.   If for any reason, either Sandberg or Fawcett is

-2-

unable or unwilling or fails to contribute his or her agreed share of a revision, the other shall have the opportunity to complete the non-performing Author's tasks.  If one Author undertakes to complete the tasks of the other non-performing Author, the plaintiff in its discretion shall determine the fair value of the respective contribution to the revision made by each of Sandberg and Fawcett and shall equitably apportion the same by adjusting royalties payable with respect to such revisions.

8.   Copies of the Agreement and the Amendment are annexed hereto as Exhibits A and B, respectively.

9.   Evergreen was first published in 1980.  Thereafter, plaintiff published five revisions of the Work, all of which were prepared by Sandberg and Fawcett.

### Claim For Relief

11.  Defendant Fawcett claims that with respect to the Sixth Edition of Evergreen (the "Sixth Edition"), the tasks assigned to her were substantially greater than the tasks assigned to Sandberg.  Fawcett further claims that Sandberg was unable, unwilling and/or failed to perform certain of the tasks assigned to him with respect to the Sixth Edition and that she performed such tasks in his place.  Accordingly, Fawcett asserts that she is entitled to a prospective adjustment of royalties in an amount in excess of 50% thereon with respect to the Sixth Edition, the first payment of which is due to be made by plaintiff by March 31, 2000.

12.  Sandberg has denied Fawcett's claims as to the Sixth Edition and maintains he is entitled to share equally in the royalties payable thereon.

13.  By reason of these conflicting claims of the defendants, a justiciable controversy has arisen as to the

-3-

respective rights of defendants in and to royalty payments due to each with respect to the Sixth Edition as of March 31, 2000.

WHEREFORE, plaintiff requests judgment as follows:

(1) That the Court declare the respective entitlements of the defendants to the royalties due on the Sixth Edition as of March 31, 2000.

(2) That each of the defendants be restrained from instituting any action against the plaintiff for the recovery of the royalties due defendants as of March 31, 2000 with respect to the Sixth Edition.

(3) That upon its payment to the Clerk of the Court of the full royalty payments due defendants on or before March 31, 2000 with respect to the Sixth Edition, plaintiff be discharged from all liability to defendants in the premises with respect to such royalties.

(4) That plaintiff recover its costs and its attorneys fees with respect to the instant dispute.

Dated: Boston, Massachusetts
     March 21, 2000

HOUGHTON MIFFLIN COMPANY
Plaintiff

By _____
    Oscar W. Weeke
BBO No. 552227
222 Berkeley Street
Boston, Massachusetts 02116
(617) 351-5000

-4-

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Houghton Mifflin Company

## DEFENDANTS
Alvin Sandberg and Susan C. Fawcett

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Oscar W. Weekes   (617) 351-5134
Houghton Mifflin
222 Berkeley St.   Boston MA

ATTORNEYS (IF KNOWN)

00 cv 10559 DPW

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ | ☐ |

## IV.   NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 382 Personal Injury — Med. Malpractice<br>☐ 385 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief sought regard to royalty payment between Co-Authors

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
3/23/2000

SIGNATURE OF ATTORNEY OF RECORD
O.W. Weekes Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Houghton Mifflin Company
vs. Alvin Sandberg and Susan Fawcett

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
    SHEET. (SEE LOCAL RULE 40.1(A)(I)).

    __   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    __   II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    X    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    __   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    __   V.     150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

    __N|A__

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    __No__

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST? __No__
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28
    USC 2284? __No__

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
    COUNTY) - (SEE LOCAL RULE 40.1(C)). YES __No__ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN,
    HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES __No__

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
    DISTRICT? YES __No__ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF
    RESIDE? _____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY
    OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION __NO__ OR
    WESTERN SECTION __No__

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Oscar W. Weekes__
ADDRESS __222 Berkeley Street c/o Houghton Mifflin Boston MA 02116__
TELEPHONE NO. __617 351-5134__

(Category.frm - 09/92)



# HOUGHTON MIFFLIN

Oscar W. Weekes

Senior Counsel and

Corporate Compliance Officer

*Houghton Mifflin Company*

*222 Berkeley Street*

*Boston, MA  02116-3764*

*phone  617.351.5134*

*fax  617.351.1125*

*oscar_weekes@hmco.com*

*www.hmco.com*

## VIA MESSENGER DELIVERY

March 23, 2000

Clerk Magistrate
United States District Court of Massachusetts
One Courthouse Way
Suite 2300
Boston, MA 02110

     *Re: Houghton Mifflin v. Fawcett*

Dear Clerk:

     Enclosed for filing please find the following documents:

     **(1) Filing fee of $150.00**
     **(2) Complaint**
     **(3) Affidavit in Support of Motion to Pay**
          **Disputed Sum into Court; and**
     **(4) Proposed Order**

     Please stamp and return to the messenger one (1) original complaint.

     Thank you for your prompt attention to this matter.

     Very truly yours,

     Oscar W. Weekes

OWW/mr
Enclosures: